[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on January 28, 1972 in New London, Connecticut. She has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
One child was born to the wife which is presently a minor, and is also issue of the marriage, to wit: Charles C. DelGrosso, born February 6, 1979.
The marriage has broken down irretrievably, there is no prospect of reconciliation and a decree of dissolution may enter.
The parties have been married for 21-and-one-half years and have been physically separated for approximately one year.
The wife claims that the adulterous behavior of the husband was the primary cause of the breakdown. The husband admits that when he left the premises, he immediately moved CT Page 7099 in with his girlfriend.
The wife is 46 years old, with a high school diploma. She does, however, have experience as a dental assistant and legal secretary. She is presently unemployed, although she testified that she has tried to find employment.
She is in relatively good health, although she does suffer from depression and does have a tendency to be somewhat disjointed and disoriented. Her testimony is rambling and confusing. It appears to this Court that in her present condition, she probably would have a difficult time obtaining employment.
The husband is 45 years of age with a high school diploma. He works in construction and appears to be a hardworking, dedicated employee. He has held his present job for about two years.
The problem is that there is just not enough income to take care of the needs of the parties.
The husband has a mandatory retirement deduction of some 25 percent of his gross. The deduction presently amounts to $234 which leaves a net of $404.
Having considered all of the testimony, the claims for relief, and the criteria of Connecticut General Statutes46b-81, 46b-82 and 46b-84, the Court further finds and orders as follows:
(1) Custody of the minor child shall be joint with the husband having rights of reasonable visitation.
(2) Husband shall pay to the wife the sum of $122 as support for the minor child, which sum is in accordance with the Connecticut Support Guidelines.
(3) The husband shall also pay to the wife as periodic alimony the sum of $55 per week as periodic alimony which alimony shall cease upon the happening of the first of the following events:
a. death of either party CT Page 7100
b. remarriage by the wife
 c. fifteen years from the date herein.
The court has based its award of alimony on the present net income of the husband, taking under consideration the large mandatory retirement deduction which makes a larger award at this time impractical.
(4) The husband shall be permitted to claim the minor child as an exemption on his tax returns for so long as he is obligated to support said child.
(5) Each of the parties shall maintain medical insurance for the minor child as available through their employment. All unreimbursed medical and dental expenses shall be divided equally between the parties. These orders are entered subject to the provisions of Connecticut General Statutes 46b-84(c).
(6) The husband shall assign, by Qualified Domestic Relations Order, fifty (50) percent of the value of his retirement plan at the time of his retirement.
(7) The Court finds an arrearage of $1,575. This shall be paid at the rate of $10 per week. The husband shall further apply to this arrearage 50 percent of any tax refund when filing jointly or 100 percent of any tax refund when filing as a single person. He shall provide the wife with copies of his tax returns for so long as an arrearage exists.
(8) The wife shall be responsible for the payment of the mortgages and all other marital home expenses and shall hold the husband harmless and indemnify him from any and all claims.
(9) All of the furnishings and personal property presently at the marital home shall be the wife's with the exception of the following, which the husband shall pick up within sixty days:
a. Antique oak table
b. One color television, presently CT Page 7101 in the living room
c. Canoe
(10) Neither party shall remove the minor child from the State of Connecticut without first giving notice in writing at least sixty days in advance.
(11) The Court specifically makes no order as to the joint debts of the parties except as may have been previously ordered.
(12) Each of the parties shall pay his or her attorney's fees and costs.
(13) The Court orders an immediate wage execution to secure the payment of alimony and child support.
Mihalakos, J.